FRANK LA MANNA, Doing Business as FRANK LA MANNA LIQUORS, Respondent, *v.* JOHN M. O'GRADY, as President of Wine and Liquor Store Employees Union, Local 122, A. F. of L., et al., Appellants.

First Department, March 27, 1951.

*Jacob Friedberg* for appellant.

*Matthew H. Brandenburg* for respondent.

*Per Curiam.* Defendant union has been enjoined from picketing plaintiff's store. The signs employed in the picketing stated that plaintiff was unfair to union labor. The picketing followed an attempt to unionize plaintiff's employees, an election held under the auspices of the State Labor Board, and the unanimous vote of plaintiff's employees for " no union ".

The principal question raised on the appeal is whether there is a labor dispute within the meaning of section 876-a of the Civil Practice Act, so that an injunction could not be granted without a complaint conforming with the requisites of the statute. On this aspect of the case we agree with the learned court at Special Term that the election conducted by the Labor Board ended the dispute, and that section 876-a of the Civil Practice Act was not a bar to the issuance of an injunction (*Florsheim Shoe Store Co.* v. *Retail Shoe Salesmen's Union*, 288 N. Y. 188; *Haber & Fink* v. " *Jones* ", 277 App. Div. 176).

Defendant contends, however, that assuming that a labor dispute was not involved, the defendant has a constitutional right to picket peacefully and challenges the breadth of the injunction, which, *inter alia*, enjoins the defendant from speaking to plaintiff's customers or picketing in front of plaintiff's store.

The injunction in the main is entirely in order in enjoining the defendant from attempting to create an impression that there is a labor dispute existing between the plaintiff and its employees or the defendant union, or that plaintiff is unfair to union labor. The picketing which defendant attempted to do

was misleading, unlawful and properly enjoined, and defendant does not suggest what truthful and accurate information it would like to impart to the public and in what respects it would like to have the injunction modified for that purpose.

The policy of the Labor Law, which resulted in the election and determination made here, is not to be defeated by subterfuge under the guise of free speech (*Haber & Fink* v. "*Jones*", *supra*). While the defendant can continue by proper methods to try to persuade plaintiff's employees to join the union, it is neither necessary nor proper for such persuasion to take the form of picketing plaintiff's place of business. We think it would be permissible, however, in furtherance of the union's legitimate interest, to call the public's attention to the fact that plaintiff's is a nonunion store and ask the public to patronize union stores, so long as any such plea is not misleading in any impression it gives and that the relevant facts are sufficiently stated to assure the public of an accurate impression. Under the circumstances here, the information so given to the public would necessarily have to include the fact that the nonunion status of plaintiff's store is a matter of the employees' choice pursuant to the law for determining employee representation. If upon reflection there is some truthful information which the defendant wishes to impart to the public by picketing, it should be privileged to make an application to Special Term for a modification of the injunction to permit picketing which is specified and proper.

The order appealed from should be affirmed, without prejudice to such an application to Special Term, with $20 costs and disbursements to respondent.

PECK, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements, without prejudice to such an application to Special Term.