METROPOLIS COUNTRY CLUB, INC., Respondent, v. THOMAS F. LEWIS, as President of Building Service Employees International Union, Local 32E, A. F. of L., et al., Appellants.— Action for an injunction. Order granting plaintiff's motion for an injunction *pendente lite* and denying a motion to dismiss the complaint for insufficiency affirmed, with $10 cost and disbursements. No opinion. Carskell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post*, p. 895.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM PAUL MAHONEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MICHAEL WELDON, Appellant.— Appeals by defendants from judgments of the County Court, Queens County, convicting them of rape in the first degree, and from orders denying motions to set aside the verdict, motions to grant a new trial on the ground of newly discovered evidence, and motions in arrest of judgment. Judgments reversed on the law and a new trial ordered. The Trial Judge charged the jury that it was not necessary that testimony in support of the complainant's testimony need go to every essential element of the crime: that it would be sufficient if it went to one essential element only. That was an erroneous statement of the law. (*People* v. *Page*, 162 N. Y. 272; *People* v. *Downs*. 236 N. Y. 306; *People* v. *Croes*, 285 N. Y. 279; *People* v. *Adler*, 272 App. Div. 1032.) Intercourse was admitted by the defendants. Whether the complainant consented and whether she was prevented from resistance by stupor or weakness of mind by reason of alcohol were questions for the jury. The defendants were acquitted on the counts wherein it was alleged that resistance was prevented by force or fear and were acquitted on the count's charging sodomy in the first degree. Under the charge as to what other evidence was required to support the testimony of the complainant, the jury could convict if her testimony as to penetration only was supported. That support was supplied by the testimony of the defendants. The jury could, under the charge, find guilt even though they found no support of the testimony of this adult complainant that she resisted having intercourse with the defendants with whom she had been voluntarily drinking whiskey. The charge did not adequately instruct the jury as to the requirement of subdivision 4 of section 2010 of the Penal Law, that stupor and mental weakness must result from an alcoholic agent before they could find resistance was prevented by the alcoholic agent. Therefore, even in the absence of an exception, in the interests of justice a new trial should be had. In view of the direction for a new trial, the appeals from the orders are dismissed. Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MANSOUR, Appellant. — Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of leaving the scene of an accident (Vehicle and Traffic Law, § 70, subd. 5-a) and sentencing him to pay $100 or to serve thirty days in the city prison, and in addition to serve thirty days in the workhouse. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ.