HAROLD SAPERSTEIN et al., Copartners Doing Business as KNOWLSONS PHARMACY, Plaintiffs, v. MICHAEL RICH, as President of Hotel and Restaurant Employees Union Local #583, A. F. of L., et al., Defendants.

Supreme Court, Special Term, Albany County, August 21, 1952.

*Benjamin Marsicano* for plaintiffs.

*James F. Carroll* for defendants.

HAMM, J. This, in general terms, is a motion for a temporary injunction to restrain the defendants from picketing the plaintiffs' store.

The plaintiffs conduct a pharmacy and luncheonette in the city of Troy. Their business activities are conducted exclusively in this State. About sixteen persons are employed, of whom an average of nine is in the luncheonette department. It is with these latter nine only that this motion is concerned. The defendants are the president and the combined secretary and business agent of a local of the Hotel and Restaurant Employees' Union.

On the petition of the plaintiff employers an election was held in June of this year under the auspices of the State Labor Relations Board. The vote of the plaintiffs' employees for " no union " was unanimous. After the election picketing of the plaintiffs' store was resumed. This is admitted in the pleadings and the defendants further do not claim now to represent any

of the present employees. As a matter of fact the defendants submit no opposing affidavits but rely on a memorandum citing two cases: *La Manna* v. *O'Grady* (278 App. Div. 77, 1st Dept., 1951) and *Larson Buick Co.* v. *United Automobile Workers of America* (N. Y. L. J., May 19, 1952, p. 1995, col. 5, New York Co. Special Term). In the latter case no vote of the employees had been taken; the first case will be discussed at length.

There is no contention that the picketing has not been peaceful. By arrangement with the City of Troy not more than three persons at one time are now presently engaged in picketing.

The nine luncheonette employees of the plaintiffs, by uncontradicted and joint affidavit, aver that no representative of the defendant union has ever attempted to organize them, or in fact, has ever approached any of them to discuss the plans and purposes of the union either before or after picketing began.

There are three forms of picketing: '' recognition '' picketing, '' organizational '' picketing and '' publicity '' picketing. While these three categories frequently may be artificial in fact and often in effect overlapping, it is not impertinent on the facts of this situation to consider them. The defendants may not and do not contend that their picketing is '' picketing for recognition '' to induce the plaintiff employers to recognize them, since the plaintiffs are not only under no duty to deal with them but, after the employees' vote of no union, violate the law if they do.

That the defendants' purpose is '' organizational '' appears from the legend on the signs carried by the pickets. One of these signs was submitted to the court on the argument. It states: '' Hotel and Restaurant Employees Union, A.F.L. Is Picketing To Organize Knowlson's Employees ''. In its entirety in type of various gradation of boldness it reads:

·Knowlson's
IS
NON-UNION
BY
VOTE of its EMPLOYEES
THIS IS
NOT a STRIKE
LOCAL 583
Hotel and Restaurant Employees Union, A.F.L.
Is Picketing To Organize
Knowlson's Employees

If the picketing here involved, and avowedly for organizational purposes, has '' no lawful labor objective '', there is no '' labor dispute '' under New York State's anti-injunction law,

section 876-a of the Civil Practice Act. (*Goodwins, Inc.*, v. *Hagedorn*, 303 N. Y. 300, 305.) The requisites of section 876-a are such that the possibility of circumstances arising in which compliance with the statute might be possible for the purpose of obtaining the maximum ten-day temporary injunction allowable may fairly be dismissed as negligible.

But it here appears that no labor dispute exists and that an injunction may be granted without a complaint conforming with section 876-a. In *La Manna* v. *O'Grady* (278 App. Div. 77, *supra*), hereafter called the *La Manna* case, an election had been held, as here, and the plaintiff's employees, as here, had voted for no union. The court said at page 79: '' The policy of the Labor Law, which resulted in the election and determination made here, is not to be defeated by subterfuge under the guise of free speech (*Haber & Fink* v. ' *Jones* ', [277 App. Div. 176] *supra*). While the defendant can continue by proper methods to try to persuade plaintiff's employees to join the union, it is neither necessary nor proper for such persuasion to take the form of picketing plaintiff's place of business.''

It is true that in the *La Manna* case the signs employed in the picketing incorrectly stated that the employer was unfair to organized labor but here also the signs, while not false, are misleading in the impression given and designed in such manner as not to convey an accurate impression to the public. The signs are approximately 13 15/16″ x 22″, '' Non-union '' appears in approximately 2½″ type, '' Vote '' appears in approximately 2″ type, '' of its '' appears in approximately 1″ type, '' Employees '' appears in approximately 2″ type, '' This Is '' appears in approximately 7/16″ type, '' Not a Strike '' appears in approximately 1 5/16″ type, and '' Is Picketing To Organize Knowlson's Employees '' appears in approximately 5/16″ type. The public may not be expected to halt for scrutiny or examination. The chips in the mosaic favorable to the union are grandiose while those favorable to the plaintiff employers and employees appear in reduced design. The pattern is deceptive and misguiding.

And now mention may be made of '' publicity '' picketing, although it is not before the court on this motion. In the *La Manna* case, after holding that picketing to persuade the plaintiff's employees to join the union was not a necessary or proper form of persuasion, the court at page 79 continued: '' We think it would be permissible, however, in furtherance of the union's legitimate interest, to call the public's attention to the fact that plaintiff's is a nonunion store and ask the public

to patronize union stores, so long as any such plea is not misleading in any impression it gives and that the relevant facts are sufficiently stated to assure the public of an accurate impression. Under the circumstances here, the information so given to the public would necessarily have to include the fact that the nonunion status of plaintiff's store is a matter of the employees' choice pursuant to the law for determining employee representation."

But the court may not on this motion pass on the question of " publicity " picketing because the avowed purpose of the defendants is " To Organize Knowlson's Employees " and because the signs are misleading and because also the signs fail sufficiently to state the relevant facts. In *Haber & Fink* v. " *Jones* " (277 App. Div. 176, 183) the same court that decided the *La Manna* case stated: " In order to present any true idea of the situation to the public, it would be necessary to show that defendant union had been rejected overwhelmingly after an election conducted by secret ballot under the auspices of the Labor Relations Board."

Whether the right in given circumstances to inform the public by peaceful picketing as an incident of free speech may so coalesce with coercion of employers and employees as to be subject to restraint is not presented. On the plaintiffs' filing an undertaking pursuant to section 893 of the Civil Practice Act the defendants may be enjoined from picketing for the purpose of organizing the plaintiffs' employees and may be enjoined from picketing with the signs presently employed and may be enjoined from stating or giving a false impression that the plaintiffs are unfair to labor.

Submit order on three days' notice.