Sydney J. Wood, Doing Business under the Name of 53rd Street Subway Liquor Store, Appellant, v. John M. O'Grady, Individually and as President of Wine and Liquor Store Employees Union, Local 122, A. F. of L., et al., Respondents.

First Department, December 15, 1953.

*Maurice H. Goetz* of counsel (*Julius Kass, Aaron Frank* and *Martin P. Dillon* with him on the brief; *Bandler, Haas & Kass,* attorneys), for appellant.

*Jacob Friedberg* for respondents.

*Per Curiam.* Plaintiff is the proprietor of a retail liquor store located in the borough of Manhattan, employing three clerks as salesmen. In October, 1951, he was approached by a business agent for defendant Local 122, Wine and Liquor Store Employees' Union A. F. of L. (hereafter referred to as the Union) and was informed that the agent would like to enroll Wood's clerks in the union. The employees of plaintiff declined to join. Thereupon and in October, 1951, a picket line was placed in front of plaintiff's premises. The pickets carried signs intimating to the public that Wood was unfair to union labor. Various efforts were thereafter made without avail to get these employees to join the union. It is undisputed, however, that no one of Wood's employees has yielded despite almost two years of exhortation. The picket line has been maintained outside of plaintiff's store during all this time.

On October 30, 1951, Wood petitioned the New York State Labor Relations Board for an election to determine whether the union represented a majority of his employees. The union made no claim of representing any of the employees and allegedly made no demand for a contract. On the ground that the union was engaged merely in organizational activity, plaintiff's petition was dismissed by a vote of two to one, the chairman of the board dissenting on the ground that there is little difference between organizational picketing and picketing by a union which demands a contract.

Because plaintiff could not get deliveries of merchandise to his store, he arranged at considerable additional expense with some of his wholesale distributors to ship merchandise to a warehouse. Following visits made by defendants' agents, officials of the warehouse company would not allow storage of plaintiff's merchandise. Later, plaintiff contracted with another warehouse company for storage service. Defendants established a picket line in front of these premises. A few days later, they withdrew the picket line, but it is claimed that thereafter

lookouts persuaded drivers of every truck with merchandise consigned to plaintiff not to deliver goods to that warehouse.

As a result of these activities, plaintiff is faced with the alternative of either going out of business or contracting with a union that does not represent any of his employees, the latter course being in violation of section 17 of article I of the New York State Constitution and sections 703 and 704 of the New York State Labor Law.

After a trial, held in June, 1953, plaintiff's complaint seeking to enjoin the union from picketing plaintiff's premises was dismissed upon the merits on the ground that the union was engaged merely in organizational activity.

Plaintiff has never been presented with any grievances as to wages, hours or working conditions by his employees. The union has never made any claim of representing any of plaintiff's employees. From this record, it is abundantly clear that plaintiff's employees are unwilling to be represented by defendant union. Up to the time of the trial, the " organizational " activities of the union had continued for a period of well over a year and a half, but had been wholly unsuccessful. Such activities are still continuing with no apparent success.

The conclusion is inevitable that the picketing here included an unlawful objective in that it sought to coerce the employer into signing a contract with defendant union. As defendant union was picketing to exert economic pressure against the employer by compelling him to have his employees join defendant union against their will in violation of the State Labor Relations Act, or in the alternative by driving plaintiff out of business, plaintiff is entitled to the relief which he seeks. The picketing being for an unlawful objective an injunction will lie. (*Goodwins, Inc.*, v. *Hagedorn*, 303 N. Y. 300; *Metropolis Country Club* v. *Lewis*, 202 Misc. 624, affd. 280 App. Div. 816; *Haber & Fink* v. " *Jones* ", 277 App. Div. 176; *Plastic Calendering Corp.* v. *Spilberg*, 121 N. Y. S. 2d 297, 304). In the *Metropolis* case at page 626, the court in an analogous state of facts said: " Let it be said at the outset that on the papers submitted a labor dispute within the ordinary comprehension of the term does not exist between the plaintiff and its employees. The plaintiff is and has been willing to accede to the legitimate wishes of its employees in respect to their representation. The plaintiff has twice sought a certification under the Labor Law, so that the employees might elect a bargaining agent of their own choosing. Apparently, however, the defendant unions do not feel that the time is propitious for such a free election on the part of the plaintiff's

employees. The court further makes the presumptive determination necessary to grant plaintiff's motion for temporary relief, that even within the extended statutory connotation of the term, a labor dispute does not exist, for the reason the primary objective of the picketing here involved was not to organize plaintiff's employees, but to disorganize the plaintiff under economic pressure, to the end that the plaintiff would recognize or cause recognition to be given to the defendant unions.''

The judgment should be reversed and defendants should be enjoined from engaging in any form of picketing for a period of six months. After that time if there is some truthful information which defendants wish to impart to the public by picketing, they may apply to Special Term for a modification of the injunction to permit picketing which is specified and proper, on condition that it be conducted at such times and in such a way as not to interfere with plaintiff's receipt of supplies through ordinary channels of distribution (*La Manna* v. *O'Grady*, 278 App. Div. 77, 79). Settle findings accordingly.

PECK, P. J., DORE, COHN, BREITEL and BASTOW, JJ., concur.

Judgment unanimously reversed and defendants enjoined from engaging in any form of picketing for a period of six months. Settle order in accordance with the opinion herein.