CORTLANDT CO. DEPT. STORE, INC., Plaintiff, *v.* WILLIAM COHEN, as President of Merchandising and Distribution Employees Union Local 210, International Brotherhood of Teamsters, A. F. of L., an Unincorporated Association, et al., Defendants.

Supreme Court, Special Term, New York County, December 24, 1953.

*Gerard I. Nierenberg* for plaintiff.

*Charles R. Katz* for defendants.

MATTHEW M. LEVY, J. The application of the plaintiff to enjoin the defendants *pendente lite* is denied. The complaint makes charges in general terms, but they are not established by the affidavits in anywhere near sufficient degree to warrant the drastic remedy of injunctive relief — especially where the defendants specifically deny the charges, and it affirmatively appears that the union's conduct is orderly and not misleading.

Picketing in the exercise of free speech — if peaceful and not false — may under our law properly be undertaken in a legitimate attempt to unionize plaintiff's enterprise. This is particularly the case, when, as pointed out by the defendants, the competing field is in some important aspects effectively unionized, and the plaintiff's nonunion status may act as a depressing or disturbing influence in the industry generally and thus be injurious to the economic welfare both of members of the trade-union and of employers in contractual relationship with the union.

That the employees presently say in their employer's behalf that they do not wish to become members of the union is not determinative. Contrary to the plaintiff's contention all organizational picketing per se has not been forbidden by the latest pronouncement of the Appellate Division (*Wood* v. *O'Grady*, 283 App. Div. 83). There are a number of material factual differences between the two cases, but suffice it to say for present purposes that in the *Wood* case the union's activity had been

completely unavailing even though its endeavors had extended for a period of almost two years, while in the case at bar the efforts at unionization have just recently begun — in fact less than two weeks ago. Nor is *Goodwins, Inc., v. Hagedorn* (303 N. Y. 300) applicable — for in that case, unlike the instant one, there was (among other points of distinction) a certification proceeding pending before the Labor Relations Board in which rival unions were presenting competing claims as to representation.

The defendants have moved by way of cross motion to dismiss the complaint, upon the grounds (1) that it does not on its face state facts sufficient to constitute a cause of action, and (2) that it appears from the face of the complaint that exclusive jurisdiction over the controversy is vested in the National Labor Relations Board. It is quite clear that the complaint is sufficient. Alleging (as it does) the existence of unlawful activities and the lack of existence of a labor dispute, the plaintiff is entitled to present the facts upon a trial (*Settembrini* v. *Greenberg,* 200 Misc. 832). The circumstance that the plaintiff also alleges in passing that the defendants have committed acts of unfair labor practice in violation not only of the New York State Labor Law but also of the National Labor Management Relations Act, does not *ipso facto* divest this court of jurisdiction over the subject matter of the action — which involves not an enterprise in interstate commerce, but, as alleged in the complaint, " the business of selling at retail television and appliances " at the plaintiff's place of business located in New York City. Thus I do not consider as applicable the recent decision of the United States Supreme Court in *Garner* v. *Teamsters Union* (346 U. S. 485), where Mr. Justice JACKSON, for the court, pointed out that the plaintiffs' trucking operations in that case formed a link to an interstate railroad. Moreover, on the argument before me, counsel for the plaintiff stated that he did not rely upon the incidental allegation in the complaint referring to the Federal statute, and desired to withdraw any reference to it. The defendants' cross motion to dismiss the complaint is denied. The defendants may answer, and the matter should proceed to prompt trial.