■ NEWSDAY, INC., Respondent, v. SAMUEL FELDMAN, Individually and as President of NEWSPAPER & MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY, et al., Appellants.— In an action by a newspaper publisher for a permanent injunction enjoining, *inter alia*, alleged unlawful picketing, the appeal is from an order granting an injunction *pendente lite*. More specifically, the order enjoins (1) the use of force and violence upon respondent's employees, representatives and property, (2) the picketing of respondent's premises in a mannor designed to indicate that a labor dispute exists between respondent and the Newspaper & Mail Deliveries' Union of New York and Vicinity, and (3) the carrying the signs or indicating in any other way that such a labor dispute exists. Order affirmed, with $10 costs and disbursements. As a basis for the order the record discloses the following facts: The union, as its name implies, is composed of workers engaged in the delivery of newspapers in the metropolitan area and its environs. Respondent is the publisher of *Newsday,* a newspaper published in Garden City and distributed mainly in the Counties of Nassau, Queens and Suffolk. For about 18 years, to wit, from the time of its organization in 1940 to December 5, 1958, respondent's newspaper was delivered by an independent wholesale news distributor, Rockaway News Supply Co., Inc. The employees of Rockaway were members of the union. By reason of differences between the union and Rockaway the latter, on or about December 5, 1958, stopped delivering respondent's newspaper and subsequently was adjudicated a bankrupt. For about 3 weeks after December 5, 1958, respondent as an emergency measure hired trucks and, with the aid of its own supervisory personnel, made its own deliveries. On December 29, 1958, however, it ceased making its own deliveries and contracted with an independent trucking corporation, Lybco, Inc., to make all its deliveries, and since that date Lybco has been the only one which has made, or has attempted to make, delivery of respondent's newspaper. The employees of Lybco are not members of the union herein. Ever since December 29, 1958, when Lybco undertook the delivery operations for respondent, the union has engaged in a campaign of violence, threats and picketing of respondent's premises with placards bearing untruthful and libelous statements concerning respondent. While essentially the union's dispute after such date was with Lybco and not with respondent, nevertheless the signs of the union's pickets untruthfully and maliciously have indicated that a labor dispute prevails at respondent's premises between it and the union or organized labor. The order appealed from does not, either expressly or by implication, restrain *lawful* picketing. Properly read, the order by its very terms restrains merely the use of all force and violence and the use of signs which are untruthful — signs, such as those here utilized, which give the false impression that a labor dispute exists at respondent's premises between it and the union, or between respondent and organized labor. As to respondent, picketing with such signs may well constitute criminal libel, a misdemeanor, since the signs contain a malicious, untruthful publication and tend to injure respondent in its business (Penal Law, §§ 1340, 1341), and the persons engaging in the

commission of such a crime may well be subject to arrest even without a warrant (Code Crim. Pro., § 177). The commission of any crime, whether it constitutes assault, battery, malicious mischief or libel, may always be enjoined by State courts, even when the conduct is sought to be cloaked in the guise of picketing for the purpose of promoting the lawful interests of a labor union in a labor dispute (*Arnold Bakers* v. *Strauss*, 1 A D 2d 604, 607, motion for leave to appeal dismissed 2 N Y 2d 721; *B. C. Mfg. Co.* v. *Reiff*, 14 Misc 2d 37, 39, 41-42; *Long Is. Daily Press Pub. Co.* v. *Tomitz*, 12 Misc 2d 480, 485; *Meltex* v. *Livingston*, 208 Misc. 1033, 1043-1045; *Metropolis County Club* v. *Lewis*, 202 Misc. 624, 627, affd. 280 App. Div. 816). The union's right to picket cannot " be made a shield for violence, disorder and crime " (*Baillis* v. *Fuchs*, 283 N. Y. 133, 138). The compelling interest of the State " in the maintenance of domestic peace is not overridden in the absence of clearly expressed congressional direction " (*San Diego Unions* v. *Garmon*, 359 U. S. 236, 247). " The dominant interest of the State in preventing violence and property damage cannot be questioned " (*Auto Workers* v. *Wisconsin Bd.*, 351 U. S. 266, 274). The order here is proper because it is " limited to the wrong being perpetrated, namely, ' an abusive exercise of the right to picket ' " (*Building Serv. Union* v. *Gazzam*, 339 U. S. 532, 541; cf. *Hughes* v. *Superior Ct.*, 339 U. S. 460, 465–467). Hence the Special Term properly exercised its discretion in making the order appealed from. Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Beldock and Kleinfeld, JJ., concur in the affirmance of the order insofar as it restrains the use of force and violence, but dissent from the affirmance insofar as the order restrains the union from engaging in picketing and carrying signs indicating that a labor dispute exists between respondent and the union, and vote to modify the order by striking therefrom the provisions enjoining the union from engaging in such picketing and from carrying such signs, with the following memorandum: While the use of force and violence was properly restrained, the court is without jurisdiction to prevent the union from engaging in peaceful picketing and from carrying its picket signs. With respect to the picketing and the signs, it is our opinion that the union's conduct comes within the purview of the National Labor Relations Act (U. S. Code, tit. 27, §151 *et seq.*). At the very least, there is an arguable question as to whether or not it does. Hence, exclusive primary jurisdiction is in the National Labor Relations Board, and the State courts may not enjoin peaceful picketing (*San Diego Unions* v. *Garmon*, 359 U. S. 236; *Columbia Broadcasting Co.* v. *McDonough*, 8 A D 2d 695; *Weber* v. *Anheuser-Busch*, 348 U. S. 468; *Spartan Coat, Apron, Towel & Linen Supply Co.* v. *Simon*, 7 A D 2d 740).