L. Barron Hill, J.
In this action plaintiffs seek to invalidate a change in the zoning ordinance of the Village of New Hyde Park adopted on August 2, 1955, effective August 25, 1955.
The amendment changed “ Section II — Regulations Controlling Residence Zones: ”. Prior to the amendment, the section read in part as follows: “ In a residence zone, no building or premises shall be used and no building shall be erected or altered which is arranged, intended or designed to be used, except for one or more of the following uses: * * *
*97 “ (2) — Churches and public schools.”
This section, as amended, reads: “ (2) — Churches, public and parochial schools.”
At the hearing held for the adoption of the amendment, protest was made by residents and property owners of the village. The amendment was adopted by the village trustees by a three to one vote with one trustee absent.
The complaint alleges that the adoption was invalid since the vote was not unanimous as required by section 179 of the Village Law, where protest is made by the “ owners of twenty per centum or more of the land extending one hundred feet from land included in the proposed change, and in proximity to such land, and twenty per centum or more of the land immediately adjacent extending one hundred feet therefrom ”.
There was testimony and proof offered concerning two lots owned by New Hyde Park Jewish Community Center and the ownership of lots within 100 feet thereof. The minutes of the hearing indicate that it is contemplated that a playground will be erected on these lots under the amendment. Whether this is done or not, or is permissible under the ordinance, as amended, or could be accomplished by other procedures, has no bearing on this action.
The amendment is general in nature and affects all residential property within the village. Plaintiffs’ Exhibit “ I ” indicates that there is considerable residential property within the village whereon a parochial school may now be erected; construction is not restricted to the lots of the New Hyde Park Jewish Community Center. Their lots and all lots similarly situated are affected by the amendment.
Section 179 of the Village Law requires a unanimous * vote of the trustees to amend a zoning ordinance where protest is made by:
(a) “ the owners of twenty per centum or more of the area of the land -included in such proposed change,
(b) “ or by the owners of twenty per centum or more of the land immediately adjacent extending one hundred feet therefrom,
(c) “ or by the owners of twenty per centum or more of the land directly opposite thereto, extending one hundred feet from the street frontage of such opposite land ’ ’.
Plaintiffs have offered proof which attempts to comply with “ (b) ” and “ (c) ” above.
*98 Where, as here, the amendment affects all the residential area covered by the zoning ordinance, the only provision of section 179 of the Village Law which can apply is “ (a) ” above. As to this, there is a complete failure of proof of protest by the required number of property owners.
This court cannot speculate that a parochial school will be erected on the previous mentioned two lots or that, indeed, one will not be erected on the lots occupied and owned by the plaintiffs. A parochial school can be erected anywhere in the residential areas of the village; there is no proof that the owners of 20% of the area included in the change protested the adoption of the amendment. Therefore, there was no necessity for the adoption to be unanimous.
Further, there is no merit in plaintiffs’ contention that the amendment was not adopted as part of a comprehensive scheme. The ordinance already provided for the erection of public schools in the area. No difference can be perceived in relation to the health, safety, morals and general welfare of the community by permitting public schools and not parochial schools. The change is more of words than substance (cf., Catholic Bishop of Chicago v. Kingery, 371 Ill. 257; see, also, Ann. 36 A. L. R. 2d 653, 660-662).
It follows that the complaint must be dismissed.
The foregoing constitutes the decision of the court in conformity with the provisions of the Civil Practice Act.
Settle order.

 Requirement of unanimous vote changed by L. 1956, ch. 759, eff. April 17, 1956.— [Rep.