Henry Clay Greenberg, J.
Defendant, Workmen’s Compensation Board of the State of New York, moves pursuant to rules 210 and 212 and subdivision 4 of rule 106 of the Buies of Civil Practice and section 473 of the Civil Practice Act, for dismissal of the complaint for insufficiency, and upon the ground, further, that in the circumstances here, exercise of discretion to grant the relief demanded is unwarranted.
Plaintiff is a physician and is authorized to practice before the board. The daughter of the individual defendant was involved in an industrial accident. Plaintiff engaged in an agreement with that defendant for the treatment of his daughter and the payment of the bill by him. The board has demanded that plaintiff return that payment to the compensation claimant or risk disciplinary proceeding and loss of license for violation of the act with respect to the collection of fees and failure to make a medical report. There was no compliance. This action followed, in which plaintiff seeks a declaration of the rights and other legal relations of the parties, that the contract with the individual defendant is valid and plaintiff has not violated the Workmen’s Compensation Law, that the board is acting without authority in demanding return of the fee and threatening disciplinary action, and as a corollary plaintiff seeks an injunction.
*752 The basic question is whether the contract is proscribed by-section 13-f of the Workmen’s Compensation Law, which provides: “ No physician rendering treatment to a compensation claimant, shall collect or receive a fee from such claimant within this state, but shall have recourse for payment of services rendered only to the employer under the provisions of this chapter. ’ ’
Abuses arising in the medical treatment and care of employees in the administration of the law resulted in an investigation and a report on which the Governor sent a special message to the Legislature. That resulted in the enactment in 1935 of sections 13 to 13-j of the Workmen’s Compensation Law. The relations of employer, employee, physician and carrier were thus placed under broad and strict supervision.
While no specific reference is made in the act to contracts made between the physician and outside persons, the purpose to regulate the practices and to eliminate the abuses is clear. It would seem that if the plaintiff, by virtue of the subject contract and although authorized to practice before the board, nevertheless is not in this instance subject to its jurisdiction, the provisions of the act relating to the physician’s obligation to make medical reports would likewise be inapplicable in this instance. Despite their claimed weakness, defendant’s contentions find at least a minimum support in plaintiff’s brief, where he states that consistent with his position, that the board has no authority over the transaction between him and the individual defendant, he failed to file medical reports of his treatment of the defendant’s daughter. He states further that there is apparent tenability to the board’s position on the phase of the case relating to the failure to make medical report. The obligations with respect to the collection of fees and the making of medical reports are inseparable and are to be equally protected against evasive device.
While declaratory judgment may in proper circumstances be appropriate in a case of this kind, it does not appear there should be any interference with administrative procedures in this instance. Plaintiff’s remedy is adequate in the event of suit by any party in interest to recover the fee paid or in the event the board takes action. Its declared position concerning the broad application of the pertinent statutes is not to be lightly considered in view of their broad purpose, particularly since plaintiff shares at lease a doubt of the validity of his entire position as it relates to his obligation to make medical reports. Furthermore, in the event the statutes are not appli *753 cable to contracts with third parties, yet abuse and evasion may well be involved upon any contention that the relationship with the individual defendant is not real but feigned. Thus, in this instance the mere establishment of the inapplicability of the statutes may fall short of full and complete usefulness of a decree if in fact discipline should prove to be in order by reason of subterfuge. In such event it is unnecessary to reach the question of constitutionality.
The motion is granted. Settle order.