■ STANDARD BRANDS INCORPORATED et al., Plaintiffs, v. ARLEN TROPHY Co., INC., Defendant and Third-Party Plaintiff-Respondent. PLYBRIDGE CORP., Third-Party Defendant-Appellant. — The wrong plaintiffs plead in their complaint for damage to their property from flooding is that third-party plaintiff turned on a faucet and permitted it to overflow on the floor in premises which it occupied and controlled. The third-party complaint does not plead a valid cause of action over against the landlord as third-party defendant within the active-passive theory of liability for tort. When the pleadings are read together a joint tort between third-party plaintiff and third-party defendant is to be seen; with the acts of the third-party plaintiff constituting the main element of causation. In this situation there should not be a recovery over. Order unanimously reversed, with $20 costs and disbursements to the respondent, the motion granted, and judgment is directed to be entered in favor of the third-party defendant, Plybridge Corp., dismissing the third-party complaint, with costs. Concur — Botein, J. P., Frank, Valente, McNally and Bergan, JJ. [See post, p. 1010.]

■ BENJAMIN STALLMAN, Respondent, v. WINGOLD EMBROIDERIES, INC., et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ.

■ EDWARD TORRES, Respondent v. MARTIN T. LACEY, as President of Joint Council No. 16, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, Helpers of America, Appellant, et al., Defendant. — Order denying the motion to dismiss the complaint or the second cause of action for insufficiency, unanimously modified by dismissing the second cause of action, without costs to either party, with leave to replead. Martin v. Curran (303 N. Y. 276) is not applicable to an unincorporated association's unintentional tort, such as is involved in this second cause of action. Special Term correctly ruled that to require membership authorization or even ratification of such an unintentional tort is, in effect, to attempt to transmute a negligent act into a willful wrong. This is an inadmissible result, straining both law and logic. Still the complaint is not without its inadequacies: (1) Though clearly inferable from the allegation that plaintiff entered the premises lawfully and peacefully and was assaulted without cause or provocation, plaintiff's freedom from contributory negligence has not been affirmatively pleaded. The new complaint should reduce this inference to an affirmative statement of fact; (2) Paragraph 10 may fairly be criticized as pleading the legal conclusion of defendant's negligence rather than spelling out the ultimate facts that constitute defendant's alleged neglect and failure to take the necessary steps for the safety of plaintiff while on the premises. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ. [5 Misc 2d 11.]

■ In the Matter of the Accounting of MANUFACTURERS TRUST COMPANY, as Temporary Administrator and Executor of FRANK F. ARNOLD, Deceased, Respondent. ADA G. DOLAN, Appellant; NEW YORK TIMES COMPANY et al., Respondents. — Decree, so far as appealed from, unanimously affirmed, with costs to all parties appearing and filing briefs herein, payable out of the estate. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ. [4 Misc 2d 97.]

■ H. LESLIE WENGER, Appellant, v. WORKMEN'S COMPENSATION BOARD OF THE STATE OF NEW YORK et al., Respondents. — Judgment and orders unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ. [5 Misc 2d 751.]