Richard W. STAHLBERG, Plaintiff,

v.

HANNIFIN CORPORATION, Defendant.

HANNIFIN CORPORATION, Defendant and Third-Party Plaintiff,

v.

Clifford KELLER and Taylor Keller, Individually and as partners, doing business as Keller Industrial Products Company and Harsco Corporation, Third-Party Defendants.

Civ. A. No. 6284.

United States District Court
N. D. New York.

Nov. 8, 1957.

———◇———

Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y., for plaintiff. Gerald H. Henley, Syracuse, N. Y., of counsel.

Hancock, Dorr, Ryan & Shove, Syracuse, N. Y., for defendant and third-party plaintiff. Stewart F. Hancock, Jr., Syracuse, N. Y., of counsel.

Bond, Schoeneck & King, Syracuse, N. Y., for third-party defendant Harsco Corp. John C. Kinney, Syracuse, N. Y., of counsel.

BRENNAN, Chief Judge.

The motion made herein challenges the legal propriety of an order permitting the service of a third-party complaint and also the legal sufficiency of said complaint. The factual background disclos-

ed in the record to date will be briefly referred to.

In June 1955 the defendant and third-party plaintiff, referred to herein as "Hannifin", had manufactured and assembled especially for Precision Casting Company Inc. a ten-ton hydraulic press, designed to exert a pressure of one-thousand pounds to the square inch. In the same month, the press was shipped to Precision at Syracuse, New York, under what may be termed a lease-sale agreement, which required a monthly rental payment for a period of five months when the balance of the purchase price was to be paid. The maintenance, repair and operation of said machine were entirely under the control of Precision. On September 29, 1955 the plaintiff, while employed by Precision, in connection with the operation of the machine, sustained a severe injury to his left hand and wrist, necessitating amputation. The accident apparently occurred when plaintiff's hand was caught beneath the pressure mechanism of the machine.

In September 1956 plaintiff brought action, based in negligence, against Hannifin to recover a money judgment for the injury so sustained. By order of this court and based upon the provisions of Rule 14 of the Fed.Rules Civ.Proc. 28 U.S.C.A., defendant Hannifin was permitted to serve a third-party complaint upon the defendants Keller and Harsco Corporation. The complaint in effect seeks to recover over from the third-party defendants or either of them any money judgment which might be awarded to the plaintiff in the action above referred to.

It would appear that defendants Keller may be termed manufacturer's representatives. The order for the machine above mentioned was placed through them and it may be inferred that they acted to some extent in the matter of the installation of the machine and the manner of its operation. They make no motion to either vacate the order or dismiss the complaint.

The defendant Harsco is a Delaware corporation with its place of business at Syracuse, N. Y. It is, by merger, the successor of Precision and, as such, succeeded to its rights and liabilities in the matter of the transaction above referred to.

The Court is aware of the problems involved in determining the propriety of an order permitting the service of a third-party complaint in a negligence action and in determining the sufficiency thereof. A similar situation was considered in Lane v. Celanese Corp. of America, the decision of which is found in D.C., 94 F.Supp. 528. It is therefore unnecessary to restate much of the discussion contained therein. A consideration of pleadings and the facts to be inferred therefrom must afford a starting point for the decision of the questions involved here.

Plaintiff's complaint is based in negligence. It alleges in a conclusionary manner that the machine, causing the injury, was inherently dangerous, unsafe, not reasonably fit for the purpose for which it was intended and improperly constructed and manufactured. It alleges that defendant failed to make proper inspections and tests of said machine, failed to warn plaintiff and other persons working with it as to the dangers which would result from the use of the machine. It alleges a failure to design and construct the machine so that it would not operate except by pressure on the dual hand levers and alleges negligence in installing and setting up the machine for operation, supervising the same in a careless, improper and negligent manner.

These allegations permit the receipt of evidence covering a broad field. This is true under federal practice as indicated in the case of Hickman v. Taylor, 329 U.S. 495, at page 501, 67 S.Ct. 385, at page 388, 91 L.Ed. 451, while pleadings are more narrowly construed under New York State law (Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802). If I am permitted to speculate, it would appear that

the accident occurred by reason of the action or inaction of the dual hand levers which controlled the operation of the pressure mechanism.

The third-party complaint alleges that Harsco or its predecessors made certain repairs, adjustments or alterations to the machine after its delivery and prior to the accident. It alleges that the machine was under the control of and was maintained and kept in repair by the lessee owner and that defendant in no way maintained, altered, supervised or participated in any such activities. It further alleges that the accident was caused by the active, primary and original negligence of the third-party defendants and without any negligence on its part in that said defendants failed to keep the machine in repair or safe operating condition; that said machine was negligently repaired, adjusted and altered; that defendant Harsco failed to instruct this plaintiff and to safeguard him against dangers inherent in his work. Said complaint further alleges that Hannifin was free from any active, primary or original negligence on its part and that any judgment against it will be based upon the active, primary and original negligence of the third-party defendants.

The problem is only to determine whether the facts which may be shown upon the trial under the pleadings are such as would justify a jury in finding that the fault of the defendant is of the class termed "passive", "secondary" or "implied" and the fault of the defendants, Harsco be found to be "active", "primary" or "original" as these terms are used in the reported cases.

Harsco's argument that such terms are meaningless and that as applied to the defendant, Hannifin, they mean only liability by reason of status is strongly urged but the terms continue to be used by the late decisions of the appellate courts, both state and federal, and it is hardly up to this court to banish them as either inappropriate or meaningless.

A reading of the New York Appellate Court decisions, dated subsequent to the decision of Lane v. Celanese Corporation, supra, neither aids nor justifies this court in now attempting an all-inclusive definition of the above terms or in attempting to reconcile New York State court decisions. They do however indicate a continued attempt to ameliorate the state rule as to non-contribution among tort-feasors by the use of the theory of indemnity where the facts shown make it unequitable that the principal wrongdoer should escape liability.

Great factual disparity between the fault of those contributing to an accident is held to justify a finding that the fault of one was only passive negligence. McFall v. Compagnie Maritime Belge, 304 N.Y. 314, at page 330, 107 N.E.2d 463, at page 471. Again it is said in the same decision at page 328 of 304 N.Y., at page 471 of 107 N.E.2d "Whether negligence is passive or active is, generally speaking, a question of fact for the jury". Again in Burke v. City of New York, 2 N.Y.2d 90, at page 96, 157 N.Y.S.2d 1, at page 6, 138 N.E.2d 332, in the concurring opinion, the Court in holding that the existence of a non-delegable duty is not determinative quotes from a prior decision, as follows: * * * "But this does not affect the question of indemnity as between the tort-feasors themselves. To determine that question the courts are required to take into consideration the terms of any agreement between the tort-feasors, the incidents of their business relationship and the provisions of any statute on the subject—*that is to say, the fact situation as a whole*".

It should be stated here that while the third-party complaint alleges no contract of indemnity, the brief submitted does contain correspondence between Harsco's predecessors and Hannifin from which it is argued that full control of the machine and "full responsibility for any damage" were assumed by Harsco's predecessors. In addition although not pleaded in the complaint, it is at least

posed that Sec. 256 of the Labor Law of New York State, McKinney's Consol. Laws, c. 31 may also be the basis of a finding that any negligence causing this accident on the part of Hannifin was passive and that on the part of Harsco was active.

If we turn to recent cases in the federal courts of our circuit, we find in Banks v. Central Hudson Gas & Electric Corp., 2 Cir., 224 F.2d 631, at page 634 that the court follows the decision in the McFall case, that it is a question of fact for a jury as to whether the negligence of the third-party plaintiff and third-party defendant was active or passive. In Kozman v. T. W. A., 236 F.2d 527, the Circuit Court of Appeals, Second Circuit, held that the evidence was sufficient to support a jury verdict awarding indemnity even though the indemnitee may have violated a state statute. Such violation was held not to constitute active negligence in itself.

■ The summary of the authorities, together with the broad language of Rule 14, F.R.C.P. leads to the conclusion that a third-party complaint should not be lightly dismissed where the allegations are broad enough to allow evidence which would justify a jury finding of active or passive negligence. The danger of deciding the problem as a matter of law is immediately apparent. The facts are not before the court on a motion such as this and must necessarily await the receipt of evidence.

It seems plain that the allegations of the complaint are sufficient to permit recovery on several different theories. For example, it is alleged that Hannifin was negligent in its failure to warn the plaintiff as to the dangers to be apprehended in the operation of the machine. Assuming that hidden dangers existed which required such a warning by the manufacturer (Campo v. Scofield, supra), if, as alleged in the third-party complaint, that Harsco altered or adjusted the machine thereby creating or increasing the dangers, it would seem plain to me that the evidence may well be such that negli-

gence of Hannifin might be found to be passive while that of Harsco be found to be active, thereby permitting a recovery over.

■ The purpose of the rule is to dispose of the problem in one litigation to save expense and avoid delay. Viewed in a practical manner, there seems to be no real reason why the measure of fault and the rights of all parties should not be adjudicated in a single litigation. The law will be best served where the opportunity is afforded for a full litigation of all claims. The rights of the parties can be well protected as was done in the case of Lebeck v. William A. Jarvis, Inc., D.C., 145 F.Supp. 706.

The motion is in all respects ·denied, and it is so ordered.