**Anthony SANTOMASSINO, Plaintiff,**

v.

**UNITED STATES of America, Defendant, Third-Party Plaintiff (Theodore STAY, Andrew Stay, Donald Stay, and Kenneth Stay, Individually and as partners d/b/a Theodore Stay & Sons, Third-Party Defendants).**

**Civ. A. No. 6316.**

United States District Court
N. D. New York.
Nov. 20, 1957.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Kenneth P. Ray, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for the U. S.

Mackenzie, Smith, Lewis, Michell & Hughes, Syracuse, N. Y., John Lawton, Syracuse, N. Y., of counsel, for third-party defendants.

BRENNAN, Chief Judge.

This motion to dismiss the third-party complaint raises the reoccurring problem

as to the sufficiency of a third-party pleading in the matter of an attempted recovery over in a negligence action. The background of facts, as disclosed by the pleadings, is set out below.

The plaintiff in an action brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, seeks a money judgment compensating him for personal injuries due to the negligence of the United States or its employees.

About June 9, 1955, Theodore Stay and Sons, a partnership, hereinafter referred to as "Stay", entered into a written contract with the United States whereby it agreed to furnish all material and labor necessary in the painting of the interior of certain warehouse structures located at Griffiss Air Force Base, Rome, New York. The plaintiff was an employee of Stay and on April 26, 1956, he alleges that he suffered personal injuries through the negligence and carelessness of the United States. It is alleged that the plaintiff was thrown from "stacked rubber blocks" to the floor of building S-6, causing serious personal injuries. It is alleged that the crude rubber blocks were carelessly and negligently piled, maintained, controlled and supervised by the United States; that same were not properly inspected, lacked suitable warnings and safeguards; that defendant had failed to warn the plaintiff concerning the dangerous condition; and that "in fact had instructed directly or indirectly the plaintiff herein to proceed to work upon said stacked rubber blocks without warning him about the dangerous condition existing".

It is alleged in the third-party complaint that Stay, the third-party defendant, was an independent contractor, in complete charge and control of the work performed and over that part of the warehouse where the plaintiff was employed at the time of the accident. Although not set forth in its entirety, the third-party complaint and supporting affidavit allege that the contract between the United States and Stay indemnifies the United States from all damages to persons or property occurring as the result of the fault or negligence of the contractor Stay in the performance of the work. The third-party complaint also alleges that Stay was negligent in that it failed to provide plaintiff with the proper scaffolding and safety devices required under Sec. 240(1) of the Labor Law of the State of New York and failed to supervise plaintiff in the performance of his work and to warn plaintiff of the dangers in connection therewith. Its theory and its right to recover over appears to be based upon an alleged express contract of indemnity and an implied indemnity arising out of Stay's breach of the contract which I would construe to mean nothing more than that the negligence of the United States was passive, secondary or implied and that of Stay was active, primary and original.

I have recently written at some length upon the problem posed in a similar motion in the case of Stahlberg v. Hannifin Corporation (Hannifin Corp. v. Keller), D.C., 157 F.Supp. 290. It would therefore seem to be unnecessary to discuss the problem at length here. The factual backgrounds of the two cases are not similar but the legal principles involved and the discussions relative to reported precedents are applicable here.

■ There is no question but what New York law is applicable and the third-party action may not be maintained where the negligence of the defendant (third-party plaintiff) may be termed active. The difficulty arises in the application of the law to the particular circumstances disclosed in each particular case. The line drawn between active and passive negligence is sometimes indistinct and I construe the later decisions to incline towards allowing the receipt of evidence as to all of the facts surrounding the accident and its cause and permitting the trier of the facts to evaluate same. (See cases discussed in the Stahlberg decision.)

■ I am not unmindful of the decisions granting the dismissal of third-party complaints in negligence actions but as I construe same, they are based upon the conclusion that under no state

of facts which could be proven under the complaint could the defendant be relieved from a finding of active negligence. Here active negligence is alleged in plaintiff's complaint upon the part of the defendant in negligently piling and maintaining the crude rubber blocks but it is noticeable that there is no definite allegation that such negligence caused the accident. The complaint is so phrased that recovery might be permitted upon failure to warn the plaintiff as to the dangerous condition. Under such a theory, it would seem to be for the jury to determine whether the negligence of the United States was passive rather than active inasmuch as the third-party defendant controlled the plaintiff as to the manner of and the means to be used in the performance of his work.

It would seem to be rather dangerous to dismiss the third-party complaint at this time when the evidence as to the cause of the accident, the obligations of the third-party plaintiff and third-party defendant under the contract and the measure of the control and direction of the plaintiff by both can be gathered only in a vague and uncertain way from the allegations of the pleadings.

The above statements refer primarily to the existence or establishment of a situation where the negligence of the defendant and third-party plaintiff may be termed active or passive.

The question of an express contract of indemnity is not referred to above. The pleadings in that regard leave much to conjecture. All I can gather from the pleadings and affidavit is that the contract provided that the third-party defendant, Stay, would be responsible for all damages to persons and property which were the result of his own fault and neglect. This is not the type of contract of indemnity generally referred to in the applicable reported cases. It may be that the contract creates no new liability other than that imposed upon any wrongdoer. It does not appear to release the United States from its negligence or indemnify the United States therefor. Any evaluation of such a provision of the contract must necessarily await the production thereof.

Brief reference will be made to the cases referred to in the third-party defendant's memorandum which were not discussed in the Stahlberg decision. Miller v. Pennsylvania R. Co., 2 Cir., 236 F.2d 295 simply holds that the trial judge was correct in dismissing the third-party complaint after the trial of the action. This decision is entirely in accord with the Stahlberg decision and with my conclusion here. The decision in Dick v. Sunbright Steam Laundry Corp., 307 N.Y. 422, 121 N.E.2d 399, decided by a 4–3 vote, simply holds that the complaint states no right to recover over from a landlord who does not retain the right to re-enter the premises to make repairs. In Sientki v. Haffner, D.C., 145 F.Supp. 435, Judge McGohey dismissed the third-party complaint because the allegations of the original complaint permitted no recovery unless upon the theory of active negligence. In that case, recovery was sought because of the negligent operation of an automobile. I would agree that it would be rather difficult to find a basis of recovery under such an allegation upon any theory of passive negligence. The remaining two cases, to wit: Standard Brands, Inc., v. Arlen Trophy Co., Inc., 3 A.D.2d 998 and 1010, 163 N.Y.S.2d 437; Putvin v. Buffalo Electric Co., 3 A.D.2d 805, 160 N.Y.S.2d 386 are to the same effect. There is no doubt but what this is the present law of the State of New York.

The situation in the instant case permits no such definite conclusion. A duty to warn, on the part of the United States, if such a duty existed, might well be passive in view of the fact that the control of the premises and the supervision of the plaintiff was in the hands of the third-party defendant who had the immediate charge of the work and control of the premises and could dictate the manner in which the work was to be performed.

Of course the exact manner in which the accident happened cannot be gathered from the pleadings. It would be mere

speculation at this time to attempt to determine whether or not the provisions of the Labor Law, above referred to, are applicable. If such provisions do apply, I could not say at this time but what a trier of the fact might find that any negligence on the part of the United States, which would afford a basis for recovery, might not be termed passive.

The motion to dismiss is denied, and it is

So ordered.