WILLIAM D. BOYD, Respondent, *v.* WILLIAM GERNANT, as Treasurer of the FORESTERS OF AMERICA, COURT OF GREATER NEW YORK, No. 260, Appellant.

*Unincorporated subordinate lodge — it may be sued although the parent lodge is incorporated — that the subordinate lodge did not consist of seven people is matter of defense.*

A member of a subordinate lodge of a society which raises, manages and dispenses a sick benefit fund as its own separate property and on its independent volition, may, under the provisions of section 1919 of the Code of Civil Procedure, maintain an action against the treasurer of such lodge to recover sick benefits to which he claims to be entitled although the parent lodge of the society is incorporated under the laws of the State of New York.

In such a case the subordinate lodge must be deemed to be an unincorporated association consisting of seven or more members within the meaning of section 1919 of the Code of Civil Procedure.

The fact that the subordinate lodge does not consist of seven or more members is a matter of defense which must be affirmatively established by the defendant.

APPEAL by the defendant, William Gernant, as Treasurer of the Foresters of America, Court of Greater New York, No. 260, from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, entered on the 9th day of October, 1901, after a trial before the court without a jury.

*Joseph G. Mathews,* for the appellant.

*James M. Seaman,* for the respondent.

HIRSCHBERG, J. :

The plaintiff sues as a member of a local lodge or subordinate court of the beneficial society or organization known as the "Foresters of America." He claims to be entitled to sick benefits from the 30th day of January, 1900, to June 20, 1901, at the rate of six dollars per week, and alleges that the lodge, without justification, ceased paying him after April 18, 1901. The judgment which he has recovered is for the period from April 18 to June 20, 1901, at which latter date he claims to have been able to resume his ordinary work for the first time after an injury received on the previous January thirtieth. The answer is a general denial.

The defendant is sued as the treasurer of the local lodge pursuant to the provisions of section 1919 of the Code of Civil Procedure. Although the parent or supreme lodge or court is incorporated under the laws of this State, the action may be maintained against the treasurer of the local society, as the latter must be deemed an unincorporated association within the meaning of the section of the Code referred to, inasmuch as it is a separate although subordinate society and has the sole management and control of the benefit fund in question, which it raises, manages and dispenses as its own property and on its independent volition. Although there is no evidence in the case tending to indicate that the local lodge consists of seven or more members, the provision of section 1919 (*supra*) to the effect that any company of persons which has a treasurer is deemed an association within the meaning of the section, may probably be construed as meaning an association consisting of seven or more persons, and it would seem to follow that, if it was a defense that the association does not in fact include seven members, such defense must be affirmatively established upon the trial by the defendant.

But I fail to find in the record any proof that the plaintiff is entitled to recover benefits for the period covered by the judgment. The constitution and by-laws of the parent order are not in evidence. The lodge has no by-laws, and whatever right the plaintiff has appears to have been conferred by a resolution which was not produced or its terms established in any way. It was proven generally that the lodge does declare sick benefits at the rate of six dollars per week and for no determinate period, but it was also proved that a resolution was adopted in reference to the plaintiff, the tenor of which was not disclosed. It was further proven that the lodge ceased to pay the plaintiff after April 18, 1901, because it was asserted that he was then able to perform his accustomed work, and that a committee was appointed to investigate his condition, which committee reported to the lodge from time to time, but the reports were neither produced nor their purport definitely stated. In the absence of any rule or regulation of the lodge creating a right to the benefit during the period of the plaintiff's incapacity, no absolute claim would exist, and if such right has been conferred by voluntary resolution it is incumbent upon the plaintiff to prove the fact by competent evidence and to show that the continuance of the

benefaction is not at the option of the lodge, but must embrace the entire period of disability. As the case is void of any direct proof beyond the facts of a voluntary agreement to pay and an equally voluntary cessation of payment, the plaintiff has failed to establish a cause of action.

The judgment should be reversed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.