WILLIAM B. HOFFMAN, as Committee of the Person and Property of VINCENT E. DONOHUE, an Incompetent, Respondent, v. LAURENCE H. VICTORY, as President of the New York Typographical Union No. 6, an Unincorporated Association, Appellant, et al., Defendants.— In an action by the committee of the person and property of an incompetent person against two trade unions for a declaratory judgment and money damages based upon old age benefits allegedly past due and to become due, one of the defendants appeals from an order denying its motion to dismiss each of the causes of action for insufficiency (Rules Civ. Prac., rule 106, subd. 4). Order modified on the law by striking out the ordering paragraphs and substituting therefor a provision that the motion is denied as to the first cause of action and granted as to the second cause of action, with leave to respondent to serve an amended complaint within fifteen days from the entry of the order hereon, if so advised. As so modified, the order is affirmed, without costs. Appellant's time to answer the present complaint is extended until twenty days after the entry of the order hereon. The respondent, as committee of the person and property of an incompetent, has alleged sufficient ultimate facts to warrant a resort to equity for a declaration as to what right against the members of the appellant the incompetent may have for present or future old age benefits by reason of his membership in the appellant, an unincorporated body. It is alleged that the incompetent and others who have qualified for such payments have received them, that the others continue to receive the benefits which have been arbitrarily denied the incompetent. To properly perform his duties, the plaintiff should know what future funds the incompetent can look to for his support. Presumably the payments have been made because the members receiving them are entitled to them by reason of their membership. It is not alleged that the union is a charitable organization or that the benefits are paid out of funds obtained from others than members. An action at law would not necessarily determine the obligation of the members to the incompetent for old age benefits in the future. Declaratory judgments are suitable for such a determination. (Cf. Borchard on Declaratory Judgments, pp. 414–415, 420.) However, the second cause of action for breach of contract is insufficient. It does not plead the terms of the contract claimed to have been breached, or that all the members agreed to **pay**

benefits. (Cf. *Martin* v. *Curran,* 303 N. Y. 276; *Banister* v. *Gray,* 261 N. Y. 445; *Strauss* v. *Thoman,* 60 Misc. 72, affd. 129 App. Div. 905; *Boyd* v. *Gernant,* 82 App. Div. 456, 458.) Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.