Louis B. Heller, J.
In an action brought to enjoin, among other things, mass picketing at plaintiff’s restaurant in Coney Island and the intimidation by violence or otherwise of plaintiff’s employees, customers, and suppliers at the said location, plaintiff moves for a temporary injunction pending determination of the action, by limiting the number of pickets at each entrance to two pickets and by restraining other unlawful conduct at the subject premises.
*258 Defendant union called a strike at plaintiff’s Coney Island restaurant when the parties were unsuccessful in reaching an accord upon the terms for the renewal of their collective bargaining agreement that has since expired on April 4,1972.
Plaintiff has demonstrated that, from the time picketing commenced, striking union members have (1) shouted obscene and threatening remarks at nonstriking employees and potential customers, (2) have massed as many as 40 or more pickets at a time outside plaintiff’s restaurant thereby barring'ingress and egress from the restaurant except when police intervened, (3) have hurled cups of coffee at the plate glass window, (4) have thrown rocks into the restaurant endangering customers and employees and striking one employee, and (5) have attempted to fire bomb the restaurant with two bottles of gasoline, the attempt having been thwarted by the timely police arrest of two striking employees.
Except for admitting that there were as many as 36 pickets used at any single given time and that 2 of its member-employees were arrested for having possession of two bottles of gasoline in close proximity of the restaurant, defendants interpose only a general denial with respect to the various incidents of misconduct described by the plaintiff in detail.
In the court’s opinion sufficient has been shown to sustain plaintiff’s allegations with respect to the occurrence of the unlawful acts of mass picketing and of violence against persons performing services for plaintiff and customers and against plaintiff’s property and that plaintiff will sustain substantial irreparable injury to its business and property unless the said acts are enjoined.
Defendants’ opposition to the relief sought herein is more specifically directed to areas relating to matters of procedure.
Defendants contend that section 807 of the Labor Law and CPLR 6313 (subd. [a]) bar the granting of a temporary restraining order in a labor dispute without a hearing. It is the court’s view that the effect of section 807 of the Labor Law “ is to prevent courts from enjoining peaceful picketing. It was never intended to deprive the Supreme Court of jurisdiction to enjoin dangerous, illegal acts which constituted disorderly conduct and breach of the peace.” (Emphasis supplied). (Busch Jewelry Co. v. United Retail Employees’ Union, 281 N. Y. 150, 156). Under the circumstances herein section 807 of the Labor Law and CPLR 6313 (subd. [a]) are not a bar to the granting of a preliminary injunction without a hearing.
It is further urged that plaintiff’s complaint under section 13 of !ln- General Associations Law is defective by failing to allege that *259 the membership of the defendant union authorized and ratified the afore-mentioned acts. It is the court’s view that plaintiff, having charged the union’s membership with actual participation both by allegations and by proof has in effect impliedly charged authorization thereof. (See Labor Law, § 807, subd. 6.) As for defendants’ cited authority, Olympic Radio & Tel. v. Andrews (279 App. Div. 1081), that case is distinguishable in that, since only some of the members of the defendant union appeared to havé been charged with the unlawful act, i.e., a sit-down strike, the defendant union could not be held legally responsible therefor in the absence of an allegation that the membership body either authorized or ratified the sit-down strike.
Defendants’ final objection, that the courts of the State of New York lack jurisdiction in the matter, is without legal support. To the contrary and quite recently, a learned member of the Federal judiciary noted that ‘ ‘ we must be mindful of the fact that state power to prevent violence has not been substantially impaired by national labor policy. See, e.g., United Mine Workers of America v. Gibbs, 383 U. S. 715, 729 (and other citations).” (Landowne Co. v. Paper Box Mahers & Paper Specialties Union, Local 299, 278 F. Supp. 339, 341). In fact, it is undisputed that the United States Supreme Court has for many years respected the State regulation “in those cases where a State was exercising its historic powers over such traditionally local matters as public safety and order and the use of streets and highways.” (Allen-Bradley Local v. Wisconsin Employment Relations Bd., 315 U. S. 740, 749).
Motion granted on condition that the plaintiff immediately file a note of issue for a trial of the action and pay the filing fee thereof. Bond is continued in the sum of $2,500.
Settle order providing for placing the action upon the calendar part of Special Term, Part III, on a day to be fixed therein subject, however, to the further order of the Justice there presiding and that a copy of this order be served upon the Calendar Clerk.