Frank R Bayger, J.
The defendants herein represent or are associated with striking employees of the plaintiff manufacturer. The strike was called on February 28, 1977 in support of the employees’ demands for a new collective bargaining agreement, the parties’ prior agreement having expired the previous day. On March 1, 1977 picketing was commenced at the plaintiff’s Castile, New York and Perry, New York facilities. Trouble ensued and on March 3, 1977 the plaintiff brought this action for a permanent injunction enjoining various acts of violent and disorderly conduct and obstructive mass picketing alleged to have been committed by the defendant unions, their officers and members at and about the plaintiff’s premises. The actions complained of are said to threaten immediate and irreparable harm to both the safety of plaintiff’s nonstriking personnel and the proper continuation of plaintiff’s business. A temporary restraining order enjoining the commission of such acts and otherwise limiting the defendants’ strike related activities pending a hearing upon plaintiff’s motion for a preliminary injunction was heretofore issued by this court upon plaintiff’s application and the decision rendered in the case of Nathan’s Famous v Local 1115, Joint Bd, AFL-CIO, (70 Misc 2d 257).
The defendants immediately cross-moved for a dismissal of *821 the complaint under CPLR 3211 (subd [a], par 7) on the grounds that the complaint fails to state a cause of action under section 807 of the Labor Law (L 1962, ch 310, § 258) which prescribes the procedural and substantive requisites for the granting of injunctive relief in labor disputes. They have also moved for a vacatur of the temporary restraining order on the grounds that CPLR 6313 (subd [a]) prohibits the issuance of such orders in any action arising out of a "labor dispute” as that term is defined by section 807 of the Labor Law (L 1962, ch 310, § 258). I am constrained to agree with their position in this matter.
The plaintiff contends that the well-documented violence and other improper activities allegedly engaged in by the strikers in this case preclude the existence of a "labor dispute” as contemplated by section 807 of the Labor Law. In other words, plaintiff suggests that the alleged unlawfulness of the actions complained of removed those activities from the purview of CPLR 6313 (subd [a]) and the protection therein afforded legitimate labor disputes. They contend that the statutes in question prohibit nothing more than the enjoining of peaceful picketing and that the court remains otherwise empowered to summarily enjoin dangerous and illegal activities constituting disorderly conduct and a breach of the peace. (See Busch Jewelry Co. v United Retail Employees Union, 281 NY 150; Nathan’s Famous v Local 1115, Joint Bd, AFL-CIO, supra.)
The factual situation underlying the decision in Nathan’s Famous (supra) is admittedly similar to the facts alleged herein. In such a context the court held that section 807 of the Labor Law and CPLR 6313 do not preclude the granting of injunctive relief without a hearing. In so ruling the court specifically relied on the Court of Appeals decision in Busch Jewelry (supra). I now decline to follow the Nathan’s Famous decision as I do not believe Busch Jewelry warrants the conclusion reached therein.
In Busch a trial was held and findings were made as provided for by section 876-a of the Civil Practice Act, from which our present section 807 of the Labor Law is derived. Here no hearing has been held and necessarily, no findings have been made. Moreover, the issue presented in that case involved the scope or extent of injunctive relief that might properly be granted in cases of violent picketing. The issue was not whether violence made inapplicable the provisions of
*822 section 876-a of the Civil Practice Act, but whether the record in that case justified the enjoining of all picketing (see Busch, supra, p 157, dissenting opn of Lehman, J.; and, cf., May’s Furs & Ready-To-Wear v Bauer, 282 NY 331).
The present case clearly arose in the context of a "labor dispute” as that term is statutorily defined (Labor Law, § 807, subd 10). In such cases it has been said by the same Court of Appeals as decided the Busch case (supra) that even extreme violence will not make inapplicable the provisions and requirements of what is now section 807 of the Labor Law (May’s Furs & Ready-To-Wear v Bauer, supra; Baillis v Fuchs, 283 NY 133).
The temporary restraining order heretofore issued herein must, therefore, be vacated and the plaintiff referred to the protective services of the established law enforcement agencies for the protection it seeks (cf. Miller v Gallagher, 176 Misc 647).
The defendants’ further motion for a dismissal of the complaint is also well founded as the complaint herein fails to allege an inability on the part of the local police agencies to adequately protect persons and property on or about the plaintiff’s premises (Labor Law, § 807, subd 1, par [e]) and further fails to allege plaintiff’s compliance with applicable employer obligations and the making of every reasonable effort to resolve the parties’ on-going dispute (Labor Law, § 807, subd 4). The complaint is therefore dismissed, but such dismissal shall be without prejudice to the commencement of such further action on new or additional pleadings as the plaintiff may deem advisable.
The order to be entered herein shall further direct the plaintiff’s payment of all reasonable costs and expenses incurred by the defendants in these proceedings. The amount thereof shall be as agreed upon by the parties or as determined by this court upon a hearing to be held at the future convenience of the parties.