OPINION OF THE COURT
Seymour Boyers, J.
In this action for a permanent injunction the plaintiff moves for a temporary injunction limiting picketing by the defendant union to certain times and locations, requiring the pickets to register with the New York City Police Department and restraining alleged acts of violence against residents, guests, employees and other persons entering upon plaintiff’s property.
Defendant is a labor organization representing approximately 250 security guards and maintenance employees employed by the plaintiff. Apparently the last collective bargaining agreement between the parties terminated at midnight on October 31, 1978. Thereafter the members of defendant went on strike. It is alleged that shortly thereafter certain acts of violence and vandalism were committed against the persons of *1082 employees of a private security firm hired by plaintiff and against the buildings and property of the plaintiff.
It is unquestionable and not disputed by the papers before the court that the issues here involve a "labor dispute” within the meaning of subdivision 10 of section 807 and subdivision 8 of section 701 of the Labor Law. Under circumstances, the restrictions of section 807 of the Labor Law with regard to the granting of the injunction apply in this case.
The court notes in the first instance that despite the severity of the violence alleged by plaintiff it may not question the wisdom of the statutory requirements but is required to employ them as written by the Legislature (May’s Furs & Ready to Wear v Bauer, 282 NY 331, 337; see Nash v Mennan, 279 App Div 609, 610, affd 303 NY 956). Thus, the court generally may not restrain or interfere with the strike and concomitant acts of a labor organization (Labor Law, § 807, subd 1, par [f], els [1], [5], [6], [7], [10], [11]).
Where, however, the conduct of the union or its members involves unlawful acts, including violence, the State has a legitimate interest in limiting or preventing the activity (Labor Law, § 807, subd 1, par [a]); Newsday v Feldman, 8 AD2d 978).
Upon the return date of this motion the defendant orally cross-moved to dismiss the complaint on the ground that it is legally insufficient. The court notes that normally injunctions involving "labor dispute” may only be granted after a hearing and on pleadings which meet the requisite statutory requirements (Labor Law, § 807). In this regard the statute requires the service of a verified complaint containing a detailed statement of the time, place and nature of the acts complained of, including the names or other identification of the persons who committed the acts (Labor Law, § 807, subd 2). The plaintiff must also plead that it complied with all of its obligations imposed by law in a "labor dispute” and that it has made every reasonable effort to settle the dispute (Labor Law, § 807, subd 4). Additionally, plaintiff must plead that law enforcement authorities have failed to or are unable to protect the plaintiff and prevent the alleged acts (Labor Law, § 807, subd 1, par [e]).
In the pleading in question the plaintiff alleges in paragraph 5, seven specific unlawful acts as having been committed by the defendant union. Unquestionably, from the tenor of the pleading and from the supporting affidavits it is *1083 clear that these acts were committed by individuals or groups of individuals and not by the union, per se. Where the plaintiff seeks to bind the union for acts of individual members, it is incumbent upon plaintiff to plead and prove either that the union actually committed the acts or authorized or ratified them (Labor Law, § 807, subd 6). The conclusion of authorization or ratification may not be implied in law or fact (Labor Law, § 807, subd 6). Thus, it has been held that the failure to so plead may render the pleading jurisdictionally defective (see Mt. Sinai Hosp. v Davis, 18 Misc 2d 311, 314). Clearly, in the absence of such evidence on a hearing, an injunction may not be granted (Olympic Radio & Tel. v Andrews, 279 App Div 1081).
Further, it is alleged in paragraph 5 and averred in the supporting affidavit that certain of the specified acts were committed by union members. Plaintiff is required to plead the names of individuals committing unlawful acts (Labor Law, § 807, subd 2). The complaint not only fails to set forth the names of these individuals but fails to set forth how plaintiff knows they are union members and the reason for its inability to identify them. Under the circumstances, the complaint is also insufficient in this regard.
The pleading contains conclusory statements with regard to the plaintiff’s compliance with its legal obligations and its attempt to settle the dispute. Standing alone, this deficiency might not render the complaint dismissable (see Industrial Container Corp. v Osman, 76 NYS2d 905; Vim Elec. Co. v Solomon, 67 NYS2d 908). In conjunction with the other infirmities, however, the court cannot ignore the plaintiff’s failure to plead facts.
The plaintiff sufficiently alleges the inability of the law enforcement officials to respond to the situation at hand. However, plaintiff has failed to serve them with copies of the pleadings and papers in this matter (Labor Law, § 807, subd 2). Clearly, the Legislature intended to bring before the court the officials charged with maintenance of public order so that any questions with regard to their abilities to deal with the situation at issue may be determined upon evidence from those officials and not just evidence of the disputing parties. In this regard plaintiff’s failure to serve those officials renders the complaint defective.
Plaintiff relies on the decision in Nathan’s Famous v Local 1115 (70 Misc 2d 257) to support the sufficiency of its *1084 present pleading. In that decision the court held that violent conduct by the union may be enjoined without the predicate hearing required by section 807 of the Labor Law. That court’s reliance on Busch Jewelry Co. v United Retail Employees’ Union (281 NY 150) appears misplaced. The court in Busch stated only that there was no statutory bar to the granting of an injunction against illegal and violent acts. It cannot be concluded that it is distinguishing between peaceful and unlawful picketing provides basis for the denial of a hearing. In this regard the court declines to follow the decision in Nathan’s (Robeson Appliances v International Assn. of Machinists & Aerospace Workers, 89 Misc 2d 819). Further, the court in Nathan’s implied union authorization of violence from the fact that union members participated in the unlawful acts. Such implication appears inconsistent with the statutory mandate that union authorization or ratification be on direct evidence without presumption of law or fact (Labor Law, § 807, subd 6). This court is constrained to follow the statute as written.
Under the the circumstances, the defendant’s motion to dismiss the complaint is granted and the plaintiff’s motion is denied without prejudice to a renewal thereof. In view of the factual allegations set forth by the plaintiff, it may, if so advised, replead its complaint setting forth the requisite allegations and serving such complaint upon the defendant union, such other individuals as may be joined in this action and the law enforcement officials. Such latter service shall be upon the office of the Mayor, the Commissioner of Police and the Corporation Counsel. Such amended complaint may be served within 10 days after service of a copy of the order to be entered hereon. Service upon persons other than the defendant union shall be in the same manner as a summons.