■ JEROME J. PINIEWSKI, Respondent, v DONALD PANEPINTO, Respondent, and LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 210, Appellant. [701 NYS2d 215] —Order unanimously reversed on the law without costs, motion granted and second amended complaint and cross claim against defendant Laborers International Union of North America, Local 210 dismissed. Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained as the result of an

alleged assault by defendant Donald Panepinto at a construction site. Plaintiff and Panepinto were employed as laborers for different employers at that construction site. Panepinto had been designated by defendant Laborers International Union of North America, Local 210 (Local 210) as a laborer steward. The second amended complaint alleges causes of action against Local 210 for assault and negligence in appointing, hiring and retaining Panepinto as a laborer steward. In his answer, Panepinto asserts a cross claim for contribution against Local 210.

Supreme Court erred in denying the motion of Local 210 for summary judgment dismissing the second amended complaint and cross claim against it. The cause of action for assault cannot be maintained against Local 210 because the complaint fails to allege that the individual members of Local 210 authorized or ratified the assault (*see, Martin v Curran,* 303 NY 276, 279-280; *Walsh v Torres-Lynch,* 266 AD2d 817; *Saint v Pope,* 12 AD2d 168, 171). With respect to the negligence causes of action, plaintiff was not required to allege that the members of Local 210 authorized or ratified the alleged negligence of the business manager in appointing, hiring or retaining Panepinto as a laborer steward (*see, Grahame v Rochester Teachers Assn.,* 262 AD2d 963; *Torres v Lacey,* 3 AD2d 998). Local 210, however, established its entitlement to judgment dismissing those causes of action by submitting proof that it had no knowledge of Panepinto's propensity for the type of behavior that caused plaintiff's injuries (*see, Start v Sugarcreek Stores,* 234 AD2d 933; *Curtis v City of Utica,* 209 AD2d 1024, 1025). Plaintiff's submissions in opposition to the motion fail to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.