■ CHARLES J. ZANGHI, Respondent-Appellant, v LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, et al., Appellants-Respondents, et al., Defendant. [778 NYS2d 607]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 17, 2003. The order, inter alia, denied the motion of defendant Baker Heavy & Highway, Inc. and the cross motions of defendants Laborers' International Union of North America, AFL-CIO, Local 210 and Laborers' International Union of North America, AFL-CIO for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendant Baker Heavy & Highway, Inc. and the cross motions of defendants Laborers' International Union of North America, AFL-CIO, Local 210 and Laborers' International Union of North America, AFL-CIO are granted, the complaint against them is dismissed and plaintiff's cross motion is dismissed as moot.

Memorandum: Defendant Jerome Piniewski was found guilty of assault in the second degree following a criminal trial, arising from an altercation with plaintiff at a road construction project in September 1999. At that trial, evidence was presented that Piniewski justifiably punched plaintiff twice in order to neutralize him but that his continued kicking of plaintiff after plaintiff fell to the ground went beyond self-defense. Plaintiff thereafter

commenced this action seeking damages for the personal injuries he sustained from Piniewski after he was neutralized. Plaintiff asserted causes of action based on respondeat superior and the negligent hiring, retention, and supervision of Piniewski against defendants Baker Heavy & Highway, Inc. (Baker), Piniewski's employer, Laborers' International Union of North America, AFL-CIO, Local 210 (Local 210), Piniewski's local union, and Laborers' International Union of North America, AFL-CIO (LIUNA), Local 210's governing body. In addition, he asserted a cause of action for negligence against all defendants.

Supreme Court erred in denying those parts of Baker's motion and Local 210's and LIUNA's cross motions for summary judgment dismissing the cause of action based on respondeat superior. With respect to Baker, the record establishes that Piniewski was not acting in furtherance of Baker's business and within the scope of his employment when he assaulted plaintiff (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *Jonas v Faith Props.*, 221 AD2d 959, 961 [1995]; *see also Paul J.H. v Lum*, 291 AD2d 894, 895 [2002]). Contrary to plaintiff's contention, the mere fact that the incident occurred at the job site does not compel the conclusion that the assault was within the scope of Piniewski's duties. With respect to Local 210 and LIUNA, plaintiff failed to set forth the requisite allegation that the individual members of those organizations authorized or ratified the assault (*see Piniewski v Panepinto*, 267 AD2d 1087, 1088 [1999]; *Walsh v Torres-Lynch*, 266 AD2d 817, 818 [1999]; *see also Martin v Curran*, 303 NY 276, 279-280 [1951]).

The court also erred in denying those parts of the motion of Baker and the cross motions of Local 210 and LIUNA for summary judgment dismissing the cause of action for negligent hiring, retention, and supervision of Piniewski and the cause of action for negligence against them. Those defendants may be held liable for the conduct of Piniewski only if they knew or should have known of his alleged violent propensities (*see Yeboah v Snapple, Inc.*, 286 AD2d 204, 205 [2001]). Furthermore, the propensities must be for the type of behavior that caused plaintiff's harm (*see Borden v Capital Dist. Transp. Auth.*, 307 AD2d 1059, 1061 [2003]). Here, those defendants submitted evidence establishing that they neither knew nor had reason to know of Piniewski's alleged violent propensities for the type of behavior that caused plaintiff's harm (*see Start v Sugarcreek Stores*, 234 AD2d 933 [1996]). Plaintiff's opposing evidence established that Piniewski was associated with organized crime figures in Local 210 in the 1960's and 1970's, that Piniewski had been involved in fights in that context during those decades,

and that Piniewski was involved in an altercation with a coworker in August 1990 or 1991. Even assuming, arguendo, that Baker, Local 210 and LIUNA had knowledge of that evidence, we conclude that plaintiff did not thereby raise an issue of fact because that evidence does not establish that Piniewski had propensities to assault his coworkers at job sites (*see Doe v State of New York*, 267 AD2d 913, 915-916 [1999], *lv denied* 95 NY2d 759 [2000]; *Start*, 234 AD2d 933 [1996]). Moreover, the evidence submitted by plaintiff concerning Piniewski's altercation with a coworker eight or nine years earlier was not sufficient to put those defendants on notice of the alleged violent propensities of Piniewski to assault his coworkers at job sites (*see e.g. Morman v Ossining Union Free School Dist.*, 297 AD2d 788, 789 [2002]; *Busby v Ticonderoga Cent. School Dist.*, 258 AD2d 762, 764 [1999], *lv denied* 93 NY2d 814 [1999]; *Hanley v Hornbeck*, 127 AD2d 905, 906-907 [1987]; *cf. Hall v Smathers*, 240 NY 486 [1925]), particularly because plaintiff failed to establish that Piniewski instigated that altercation (*see generally Davies v Incorporated Vil. of E. Rockaway*, 272 AD2d 503 [2000]; *Armour v England*, 210 AD2d 561 [1994]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.