■ Duane Reade, Inc., Appellant, v Local 338 Retail, Whole-sale, Department Store Union, UFCW, AFL-CIO, et al., Respondents. [794 NYS2d 25]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 9, 2004, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied plaintiff's cross motion for leave to amend, unanimously affirmed, with costs.

Dismissal of the claims against Local 338 was required because plaintiff failed to plead that each individual union member authorized or ratified the unlawful action (*see Martin v Curran*, 303 NY 276 [1951]; *Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO*, 8 AD3d 1033 [2004], *lv denied* 4 NY3d 703 [2005]; *Piniewski v Panepinto*, 267 AD2d 1087, 1088 [1999]; *Walsh v Torres-Lynch*, 266 AD2d 817, 818 [1999]; *R.M. Perlman Inc. v New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1, I.L.G.W.U.*, 789 F Supp 127, 132 [SD NY 1992]). In these circumstances, plaintiff's reliance solely on the general language of the union's constitution is insufficient under *Martin* in the absence of objective facts pleaded to support a finding of explicit authorization or ratification.

The individual defendants cannot be held liable for acts committed in their capacity as union representatives, even if those acts were not authorized by the union membership (*Martin v Curran*, 303 NY 276 [1951], *supra*; *see also Complete Auto Transit, Inc. v Reis*, 451 US 401 [1981]; *Morris v Local 819, Intl. Bhd. of Teamsters*, 169 F3d 782, 784 [2d Cir 1999]; *Covello v Depository Trust Co., Local 153*, 88 F Supp 2d 59, 61-62 [ED NY 2000]). In the first amended complaint, the individual defendants were sued as representatives of the union. Were we to consider the proposed second amended complaint, which for the first time named these defendants in their individual capacity, we would find no allegation of conduct by the individual defendants unrelated to their roles as union officials.

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Catterson, JJ.