■ CABLEVISION SYSTEMS CORPORATION et al., Appellants, v COMMUNICATIONS WORKERS OF AMERICA DISTRICT 1 et al., Respondents. [16 NYS3d 828]—

In an action, inter alia, sounding in defamation and tortious interference with prospective business relations, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bruno, J.), entered September 12, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting

the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action, which alleged defamation, insofar as asserted against the defendants Christopher Calabrese and Tim Dubnau in their individual capacities, and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiffs' contentions, the complaint, insofar as asserted against the defendants Communications Workers of America District 1 and Communications Workers of America Local 1109 (hereinafter together the union defendants) and the defendants Christopher Calabrese and Tim Dubnau (hereinafter together the individual defendants) in their representative capacities, was subject to dismissal in its entirety pursuant to the *Martin* rule (*see Martin v Curran*, 303 NY 276 [1951]; *see also Palladino v CNY Centro, Inc.*, 23 NY3d 140 [2014]), which bars all actions against an unincorporated voluntary membership association, and bars claims against the officers of such an association in their representative capacities where there is no allegation that the members of the association authorized or ratified the wrongful conduct complained of.

However, neither the *Martin* rule nor any other authority precludes causes of action from being asserted against individual members of the union defendants in their individual capacities (*see Martin v Curran*, 303 NY at 279; *Olympic Radio & Tel., Inc. v Andrews*, 279 App Div 1081 [1952]). In *Martin*, only the claims asserted against union members in their representative capacities as officers of the union were dismissed. Notably, the Court of Appeals specifically allowed the libel claims in that action to proceed against the same defendant union members, in their individual capacities (*see Martin v Curran*, 303 NY at 279), which is determinative here (*see also Nickerson v Communication Workers of Am. Local 1171*, 2005 WL 1331122, *5, 2005 US Dist LEXIS 35496, *13 [ND NY, May 31, 2005, No. 5:04-CV-00875 (NPM)]; *A. Terzi Prods., Inc. v Theatrical Protective Union*, 2 F Supp 2d 485, 492 [SD NY 1998]; *Olympic Radio & Tel., Inc. v Andrews*, 279 App Div 1081 [1952]; *Stefania v McNiff*, 49 Misc 2d 480, 483 [Sup Ct, Queens County 1966]).

We are aware that, in *Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO* (17 AD3d 277 [2005]), the Appellate Division, First Department, stated that "individual defendants cannot be held liable for acts committed in their capacity as union representatives, even if those acts

were not authorized by the union membership" (*id.* at 278). However, the First Department noted that, in the first amended complaint in that action, the plaintiffs sued the defendants "as representatives of the union," and declined to consider a proposed second amended complaint in that case, which sought to assert a cause of action against the defendants in their individual capacities, finding that there was "no allegation of conduct by the individual defendants unrelated to their roles as union officials" (*id.*). Further, the First Department relied upon federal cases involving certain provisions of the Labor-Management Relations Act of 1947 (29 USC § 141 *et seq.*), which shield individual unionized employees from liability for damages arising from their breach of a collective bargaining agreement, which is not relevant here (*see Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO,* 17 AD3d at 278). This action does not involve the enforcement of a collective bargaining agreement governed by federal labor relations laws, and is thus not preempted by them. In any event, to the extent that *Duane Reade* can be interpreted to preclude a cause of action against a defendant, who is a union member or representative, for an act committed in his or her individual capacity, we deem it inconsistent with *Martin* and decline to follow it.

The caption of the case identifies the individual defendants, among others, and the complaint contains several paragraphs relating to alleged defamation attributed to the "defendants" in the collective, and to certain defendants as specific individuals. As noted, the Supreme Court properly directed the dismissal of the complaint against the union defendants under the *Martin* rule. The remaining claims, which are not governed by *Martin*, are necessarily aimed at the individual defendants. Accordingly, in our view, the complaint adequately gives those individual defendants notice of the transactions and occurrences intended to be proven and the material elements of the defamation cause of action (*see* CPLR 3013, 3016 [a]). The complaint adequately and particularly pleads all of the elements of defamation. Whether or not the individual defendants were acting within the scope of their union responsibilities so as to be shielded by the *Martin* rule is merely a potential defense to the allegations, and is a matter for discovery and future adjudication. Accordingly, the Supreme Court should not have directed the dismissal of the first cause of action, which alleged defamation, insofar as asserted against the individual defendants in their individual capacities.

The Supreme Court properly directed the dismissal of the

second cause of action, which alleged tortious interference with prospective business relations, as the plaintiffs failed to plead the requisite elements of such cause of action (*see McGill v Parker*, 179 AD2d 98 [1992]).

The parties' remaining contentions are without merit. Dillon, J.P., Duffy and LaSalle, JJ., concur.

Hinds-Radix, J., concurs in part and dissents in part, and votes to affirm the order appealed from, with the following memorandum: Pursuant to the *Martin* rule, the Supreme Court properly directed the dismissal of the complaint against the union defendants and the individual defendants, acting in their representative capacities as officers of the union defendants (*see Martin v Curran*, 303 NY 276 [1951]; *see also Palladino v CNY Centro, Inc.*, 23 NY3d 140 [2014]; *Lahendro v New York State United Teachers Assn.*, 88 AD3d 1146 [2011]; *Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO*, 17 AD3d 277 [2005]). Since the union defendants are unincorporated associations, suits against them and their officers "for breaches of agreements or for tortious wrongs" are limited to "cases where the individual liability of every single member can be alleged and proven," based upon allegations that each of their members expressly, or impliedly with full knowledge, authorized or ratified the specific acts in question (*Martin v Curran*, 303 NY at 282). The *Martin* rule applies to intentional torts such as are alleged in this case (*see Piniewski v Panepinto*, 267 AD2d 1087 [1999]; *Torres v Lacey*, 3 AD2d 998 [1957]). Contrary to the plaintiffs' contention, the *Martin* rule applies to causes of action for injunctive relief as well as to causes of action to recover damages (*see Mounteer v Bayly*, 86 AD2d 942 [1982]; *Olympic Radio & Tel., Inc. v Andrews*, 279 App Div 1081 [1952]).

There are exceptions to the *Martin* rule. For example, in *Madden v Atkins* (4 NY2d 283 [1958]), the Court of Appeals allowed an action against a union to proceed, based upon a theory that all of its members delegated, to a ruling group in the union, the authority to discipline members. The Court thus concluded that, if the ruling group acted, the entire unincorporated association was liable for its conduct (*see also Hoffman v Victory*, 281 App Div 849 [1953]). Moreover, injunctive relief may be sought against union officials to prohibit violent picketing (*see* Labor Law § 807; *Wolf St. Supermarkets v McPartland*, 108 AD2d 25 [1985]; *Nathan's Famous v Local 1115, Joint Bd., AFL-CIO*, 70 Misc 2d 257 [Sup Ct, Kings County 1972]). None of these exceptions is applicable here.

The *Martin* rule applies to individuals acting in their capaci-

ties as representatives of the union (*see Martin v Curran*, 303 NY at 280; *Roth v United Fedn. of Teachers*, 5 Misc 3d 888, 896 [Sup Ct, Kings County 2004]), and in their union roles (*see Lahendro v New York State United Teachers Assn.*, 88 AD3d 1146 [2011]; *Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO*, 17 AD3d 277 [2005]). The plaintiffs contend, however, that the verified complaint asserted causes of action against the individual union officials in their individual capacities and that, therefore, the causes of action against them may proceed (*see Stefania v McNiff*, 49 Misc 2d 480 [Sup Ct, Queens County 1966]). However, in *Stefania*, the court noted that the defendant, who was an officer of a union, "has had a long-standing antipathy toward the plaintiff" (*id.* at 483), and acted contrary to his usual practice as a representative of the union. Thus, I conclude that a defamation cause of action may be pursued against a union official in his or her individual capacity (*see A. Terzi Prods., Inc. v Theatrical Protective Union*, 2 F Supp 2d 485, 492 [SD NY 1998]) only if the individual was acting with personal animosity and/or beyond his or her role as a union official (*see Stefania v McNiff*, 49 Misc 2d 480 [1966]).

Here, the verified complaint alleges that the union defendants and the individual defendants, acting in concert with each other, engaged in a "defamatory campaign." Although it is alleged that the individual defendants each made representations at the same "tele-town hall meeting," repeating the representations of all of the defendants, nowhere is it alleged that the individual defendants acted independently. Therefore, it is my view that the complaint does not state a cause of action against the individual defendants in their individual capacities. An allegation that the individual defendants acted independently is necessary for the court to exercise jurisdiction over them, and is not merely a defense to the defamation cause of action asserted against them. If disclosure is necessary to determine whether the individual defendants acted independently, the plaintiffs should have proceeded pursuant to CPLR 3102 (c) for pre-action disclosure to aid in framing a complaint.

As noted by the majority, the plaintiffs failed to state causes of action sounding in tortious interference with contractual relations and tortious interference with a prospective business relationship, since they failed to name any specific contract or business relation that was actually affected by the allegedly wrongful conduct (*see McGill v Parker*, 179 AD2d 98 [1992]).

Accordingly, I respectfully conclude the order appealed from, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a), should be affirmed.