■ JAMES V. CALLAGHAN, Appellant, v UNITED FEDERATION OF TEACHERS et al., Respondents. [18 NYS3d 540]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 18, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the third cause of action, for defamation, and the fourth cause of action, for violation of the state constitutional right to free speech, unanimously affirmed, without costs.

Supreme Court properly dismissed the third cause of action, for defamation, because, even to the extent that some of the statements about plaintiff's disciplinary and professional history are assertions of fact, the statements were made by UFT officials in their official capacities, and they cannot be held liable for acts committed in their capacity as union representatives (see *Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO*, 17 AD3d 277 [1st Dept 2005], *lv denied* 5 NY3d 797 [2005]).

The court also properly dismissed the fourth cause of action, alleging a violation of plaintiff's free speech rights. The claim fails as a matter of law since the UFT is a private entity (see *SHAD Alliance v Smith Haven Mall*, 66 NY2d 496, 502 [1985]; *see also Engstrom v Kinney Sys.*, 241 AD2d 420, 424 [1st Dept 1997], *lv denied* 91 NY2d 801 [1997]). Courts in this State have consistently held that unions, even those representing public employees, such as the UFT, are not state actors (see

*Ciambriello v County of Nassau,* 292 F3d 307, 323 [2d Cir 2002]; *see also Driskell v New York City,* 2011 WL 6812516, \*3, 2011 US Dist LEXIS 148294, \*9 [ED NY, Dec. 27, 2011, No. 11-Civ-4915 (BMC)]). Plaintiff's conclusory allegation that the UFT acted in concert with a state actor does not suffice to state a claim against the UFT (*see Ciambriello* at 324). Nor did plaintiff allege facts that would show that the State "is so entwined with the regulation of the private conduct as to constitute State activity"; that "there is meaningful State participation in the activity"; or that "there has been a delegation of what has traditionally been a State function to a private person" (*SHAD Alliance,* 66 NY2d at 505). Concur—Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ.