Bidnick v Grand Lodge of Free & Accepted Masons of the State of N.Y. (2018 NY Slip Op 01591)





Bidnick v Grand Lodge of Free & Accepted Masons of the State of N.Y.


2018 NY Slip Op 01591


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-06700
 (Index No. 4463/14)

[*1]Neal Bidnick, appellant-respondent, 
v
Grand Lodge of Free & Accepted Masons of the State of New York, respondent-appellant, James E. Sullivan, et al., respondents.


Sunshine & Feinstein, LLP, Garden City, NY (Brian R. Feinstein and Christopher Pearsall of counsel), for appellant-respondent.
Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Ellen Storch and Sanjay V. Nair of counsel), for respondent-appellant and respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and defamation, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered April 23, 2015, as granted those branches of the defendants' motion pursuant to CPLR 3211(a)(7) which were to dismiss the cause of action alleging breach of contract and to dismiss the cause of action alleging defamation insofar as asserted against the individual defendants, and (2) the defendant Grand Lodge of Free & Accepted Masons of the State of New York cross-appeals from so much of the same order as denied that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the cause of action alleging defamation insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the cause of action alleging defamation insofar as asserted against the defendant Grand Lodge of Free & Accepted Masons of the State of New York, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof granting that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the cause of action alleging
defamation insofar as asserted against the individual defendants in their individual capacities, and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof granting that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the cause of action alleging breach of contract, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff had been a member of the defendant Grand Lodge of Free & Accepted Masons of the State of New York (hereinafter the Grand Lodge) for approximately 35 years when he was found guilty, after Masonic trials, on two sets of charges of violating the terms of his membership with the Grand Lodge. The plaintiff appealed to the Masonic Commission of Appeals, and both decisions were reversed. Both reversals were subsequently put to a vote at the Grand Lodge's annual meeting, at which time the finding of guilty on one set of charges was reinstated, and the plaintiff was expelled from the Grand Lodge.
The plaintiff commenced this action against the Grand Lodge and the individual defendants, both in their individual and representative capacities. Insofar as relevant to these appeals, the plaintiff alleged, inter alia, breach of contract in relation to his wrongful expulsion from the Grand Lodge, and defamation in that the individual defendants allegedly made knowingly and intentionally false statements to members of the Grand Lodge and others, orally and in writing, that the plaintiff had engaged in misappropriation of funds. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint in its entirety. The Supreme Court granted the motion, except for the branch of the motion which was to dismiss the defamation cause of action insofar as asserted against the Grand Lodge. The plaintiff appeals from the dismissals of the breach of contract cause of action, as well as the defamation cause of action insofar as asserted against the individual defendants, and the Grand Lodge cross-appeals from the denial of the branch of the motion which sought to dismiss the defamation cause of action insofar as asserted against it.
We note that the Supreme Court dismissed the complaint insofar as asserted against the individual defendants based on section 3-a of the Benevolent Orders Law, which provides, in relevant part, that "[i]n the absence of fraud or bad faith, the members, officers and trustees of a lodge . . . or other organization, enumerated in section two of the benevolent orders law, shall not be personally liable for its debts, obligations or liabilities." This was error.
"In the context of a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference. Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [citation omitted]). Pursuant to CPLR 3211(a)(7), the court must determine whether the plaintiff can succeed upon any reasonable view of the facts stated in the complaint (see Sokol v Leader, 74 AD3d 1180; Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester, 282 AD2d 561). Here, the complaint makes sufficient allegations of fraud or bad faith to survive dismissal as against the individual defendants based on the Benevolent Orders Law. Nevertheless, and for the different reasons more fully set out immediately below, the Supreme Court properly dismissed the defamation cause of action insofar as asserted against the individual defendants acting in their representative capacities.
Actions against unincorporated associations, whether for breaches of agreements or for tortious wrongs, are limited to cases where the individual liability of every single member can be alleged and proven (see Martin v Curran, 303 NY 276, 282; cf. Knopp v Sherwood, 239 App Div 475, affd 265 NY 591). The Martin rule "bars all actions against an unincorporated voluntary membership association, and bars claims against the officers of such an association in their representative capacities where there is no allegation that the members of the association authorized or ratified the wrongful conduct complained of" (Cablevision Sys. Corp. v Communications Workers of Am. Dist. 1, 131 AD3d 1082, 1083).
Here, the plaintiff made no factual allegations in the complaint or in opposition to the motion to dismiss to indicate that all members of the Grand Lodge did in fact ratify the allegedly defamatory statements. Accordingly, as regards the defamation cause of action, the Supreme Court erred in failing to dismiss it insofar as asserted against the Grand Lodge. However, based on the Martin rule, that cause of action was properly dismissed insofar as asserted against the individual defendants acting in their representative capacities.
We reach a different result, however, with respect to the defamation cause of action insofar as asserted against the individual defendants acting in their individual capacities. Indeed, the Martin rule does not purport to immunize individual members of an unincorporated association, acting in their individual capacities, from the consequences of their own tortious conduct (see Cablevision Sys. Corp. v Communications Workers of Am. Dist. 1, 131 AD3d 1082). Here, for purposes of opposing a pre-answer motion to dismiss, the complaint sufficiently alleges that the individual defendants made defamatory statements regarding the plaintiff, and, on this bare bones record, it is premature to determine whether the defendants' claims of absolute or qualified immunity have merit.
Moreover, the Martin rule does not preclude breach of contract causes of action against unincorporated associations and their officers acting in their representative capacities based [*2]on an allegedly wrongful expulsion from the association (see Madden v Atkins, 4 NY2d 283; see also Palladino v CNY Centro, Inc., 23 NY3d 140). Here, the complaint, liberally construed in favor of the plaintiff, makes out a cause of action alleging breach of contract (see Guggenheimer v Ginzburg, 43 NY2d 268, 275), based on the plaintiff's allegedly wrongful expulsion from the Grand Lodge (see generally Polin v Kaplan, 257 NY 277, 281; Caposella v Pinto, 265 AD2d 362).
The parties' remaining contentions are without merit.
Accordingly, the branch of the defendants' motion which was to dismiss the breach of contract cause of action must be denied, and the branch of the defendants' motion which was to dismiss the defamation cause of action must be granted as to the Grand Lodge and the individual defendants acting in their representative capacities, and otherwise denied.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court