Charter Communications, Inc. v Local Union No. 3 (2018 NY Slip Op 07834)





Charter Communications, Inc. v Local Union No. 3


2018 NY Slip Op 07834


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


159036/17 7634 7633

[*1]Charter Communications, Inc., Plaintiff-Appellant,
v
Local Union No. 3, et al., Defendants-Respondents.


Kauff McGuire & Margolis LLP, New York (Kenneth A. Margolis of counsel), for appellant.
Archer, Byington, Glennon & Levine LLP, Melville (John H. Byington III of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered March 29, 2018, which granted defendants' motion to dismiss the complaint and denied plaintiff's motion to compel expedited discovery, and order, same court and Justice, entered December 27, 2017, which denied plaintiff's motion for a preliminary injunction placing restrictions on defendants' picketing campaign, unanimously affirmed, without costs.
The court properly denied plaintiff's motion for a preliminary injunction under Labor Law § 807 enjoining defendants from, among other things, trespassing, picketing or approaching within 25 feet of any Charter Communications facility, vehicle or property (see Jou-Jou Designs v International Ladies' Garment Workers' Union, Local 23-25, 94 AD2d 395, 404-405 [1st Dept 1983], affd 60 NY2d 1011 [1983]). The court correctly declined to make the factual findings required for the grant of injunctive relief under section 807, including by declining to find facts sufficient to show that any unlawful picketing acts that had occurred here would continue or recur unless restrained.
The court also correctly dismissed the complaint. The claim for a permanent injunction under section 807 was properly dismissed for the same reasons as stated above, and the common- law tort claims were properly dismissed for failure to plead that each individual union member authorized or ratified the unlawful actions (see Martin v Curran, 303 NY 276 [1951]; Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO, 17 AD3d 277, 278 [1st Dept 2005], lv dismissed in part denied in part 5 NY3d 797 [2005]).
The court did not abuse its discretion in denying plaintiff's motion that sought to obtain expedited discovery prior to the court issuing a decision on the motion to dismiss.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK