Ronde v Barnard Coll.
2026 NY Slip Op 03750
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rosemarie Ronde, Plaintiff-Appellant,
v
Barnard College, Defendant, John Samuelsen, etc., et al., Defendants-Respondents.

Decided and Entered: June 11, 2026
Index No. 158592/24|Appeal No. 6875|Case No. 2025-06783|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Rae D. Koshetz, P.C., New York (Andrew B. Melnick of counsel), for appellant.
Colleran O'Hara & Mills L.L.P., Woodbury (Jade C. Morrison of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (James d'Auguste, J.), entered October 9, 2025, which granted the individual defendants' CPLR 3211(a)(7) motion to dismiss plaintiff's claims against them for defamation and wrongful interference with employment relations, unanimously affirmed, without costs.
The court properly dismissed plaintiff's claims against the individual union defendants because plaintiff failed to "plead that the entire membership authorized and later ratified defendants' actions" (Alvarado v Local 1549 — N.Y.C. Clerical Admin. Empls., 246 AD3d 555, 556 [1st Dept 2026] [internal quotation marks and citation omitted, alterations adopted]) as required by Martin v Curran (303 NY 276 [1951]) (see Palladino v CNY Centro Inco, 23 NY3d 140, 146 [2014]). Plaintiff's criticisms of the Martin rule are "the province of the legislature" (Catania v Liriano, 203 AD3d 422, 423 [1st Dept 2022], appeal dismissed 38 NY3d 1049 [2022]; see Palladino, 23 NY3d at 148-151).
Contrary to plaintiff's contention, the allegations all relate to defendants' conduct in their official capacities as union representatives. Specifically, defendants' letter to plaintiff's employer demanding that she be disciplined was printed on union letterhead and signed in defendants' official capacities, defendant Joseph Rose provided quotes to publications in his official capacity as president of the local, and the flyers that defendants distributed about plaintiff bore the union's logo. Accordingly, the Martin rule applies to plaintiff's claims (see Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO, 17 AD3d 277, 278 [1st Dept 2005], lv dismissed in part and denied in part 5 NY3d 797 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026